IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY PANIGHETTI, | No. 2:17-CV-1001-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| J. GUSTELLO, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 17) for failure to exhaust state court remedies.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## I. BACKGROUND

Petitioner was convicted in 2014 of assault with force likely to produce great bodily injury as well as assault with a deadly weapon. See Doc. 10 (lodged state court documents).[1] The trial court found true an enhancement allegation that plaintiff had a prior serious felony conviction. See id. Petitioner was sentenced to 14 years in state prison. See id. Petitioner's appointed counsel filed an opening brief on direct appeal in the California Court of Appeal in October 2015. See id. In this brief, petitioner argued that the trial court improperly permitted the prosecution to impeach him with evidence of two prior misdemeanor convictions and a 1995 conviction for assault with a deadly weapon. See id.

While his direct appeal was pending, petitioner filed a pro se habeas corpus with the California Court of Appeal in December 2015. See id. In his pro se petition, petitioner raised the following claims: (1) ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel claims; (2) the prosecution failed to disclose exculpatory evidence and presented false evidence at trial; and (3) ineffective assistance of trial counsel. See id. Later in December 2015, the California Court of Appeal denied petitioner's pro se habeas petition, citing In re Steele, 32 Cal.4th 682, 692 (2005), and In re Hillery, 202 Cal.App.2d 293 (1962). See id.

In April 2016, the California Court of Appeal rejected petitioner's direct appeal. See id. Petitioner's counsel did not seek direct review by the California Supreme Court. See Doc. 1, pp. 51-52 (petitioner's federal petition). Petitioner, however, filed a pro se petition for review with the California Supreme Court raising the same claims he presented in his pro se habeas petition filed with the California Court of Appeal. See Doc. 10. The California Supreme

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

Court summarily denied the pro se petition for review without comment or citation. See id. In the instant federal petition, petitioner raises the same claims he presented in his pro se habeas petition filed in the California Court of Appeal. See Doc. 1.

**II. DISCUSSION**

Respondent argues that the claims presented in the instant federal petition are unexhausted because petitioner failed to present them to the California Supreme Court in a procedurally acceptable manner.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is

1 denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.[2]

In this case, none of the claims raised in the direct appeal filed on petitioner's behalf by appointed counsel is exhausted because they were not presented to the California Supreme Court. Regarding the claims raised in petitioner's pro se habeas petition filed in the California Court of Appeal – the same claims raised in the current federal petition – those claims are likewise unexhausted because they were also not presented to the California Supreme Court. Finally, the claims raised in petitioner's pro se petition for review filed in the California Supreme Court are unexhausted because they were raised for the first time in a procedurally deficient manner. Specifically, a petition for review in the California Supreme Court is a discretionary appeal, see People v. Randle, 35 Cal.4th 987 (2002); Cal. Rules of Court, Rule 8.500, and claims raised for the first time in a discretionary appeal are not considered exhausted because other procedural avenues for relief in the state courts remain, see Castille v. Peoples, 489 U.S. 346 (1989).

///
///
///
///
///
///
///
///

---

[2] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal. The former represents an exhaustion problem; the latter represents a procedural default problem.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 15, 2018

　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE